IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: ZOSTAVAX (ZOSTER VACCINE LIVE) PRODUCTS LIABILITY LITIGATION | : : : : : | MDL NO. 2848 |
| THIS DOCUMENT RELATES TO: AUGUST SPEIRS, et al. v. MERCK & CO., INC., et al. | : : : : : : : | CIVIL ACTION NO. 18-20270 |

MEMORANDUM IN SUPPORT OF SEPARATE PRETRIAL ORDER NO. 266

Bartle, J.                                                               January 31, 2020

Plaintiff August Speirs brings this diversity action against defendants Merck & Co., Inc., Merck Sharp & Dohme Corp., and McKeeson Corp. (the "defendants") seeking damages for injuries allegedly suffered from Zostavax, a shingles vaccine. This is one of over 1,100 cases assigned to the undersigned as part of Multidistrict Litigation No. 2848. Before the court is the motion of Joan Speirs, the widow of August Speirs, for an extension of time to comply with Pretrial Order No. 205 ("PTO 205") which required her to file documentation demonstrating her appointment as the personal representative of August Speirs' estate under New York law.[1]

---

1. "When an act may or must be done within a specified time, the court may, for good cause, extend the time." Fed. R. Civ. P. 6(b)(1) (emphasis added).

Mr. Speirs died on September 29, 2018 before the lawsuit was filed. Counsel for Joan Speirs, the law firm of Marc J. Bern & Partners LLP (the "Bern firm"), commenced this action on November 2, 2018. Though deceased, Mr. Speirs was the only plaintiff named in the complaint.

On May 21, 2019, Joan Speirs moved to amend the complaint pursuant to Rule 15(a)(2). She sought to substitute herself as the plaintiff in this action and to add a claim for wrongful death. On August 30, 2019, we entered PTO 205 which denied the motion to add the wrongful death claim because the proposed amended complaint did not include such a claim and postponed any decision whether to permit Joan Speirs to substitute herself as the plaintiff. We required her first to file documentation within 30 days which demonstrated her appointment as the personal representative of her husband's estate.[2] We warned the motion to amend would be denied and the action dismissed with prejudice should she fail to do so.

On September 26, 2019, Joan Speirs moved to extend the time to comply with PTO 205. The defendants did not oppose the

---

2. Under New York law, which the parties agree applies, the right to file suit passes to the personal representative of a decedent's estate. N.Y. E.P.T.L. § 11-3.2. A mere beneficiary does not have standing to file suit on behalf of an estate. See Stallsworth v. Stallsworth, 138 A.D.3d 1102, 1103 (N.Y. App. Div. 2016); Schoeps v. Andrew Lloyd Webber Art Found., 66 A.D.3d 137, 137 (N.Y. App. Div. 2009); Jackson v. Kessner, 206 A.D.2d 123, 127 (N.Y. App. Div. 1994).

motion, and we extended the deadline until November 11, 2019. On November 8, 2019, Joan Speirs moved for another extension. Again, the defendants did not oppose. The court extended the time to comply until December 30, 2019 but warned no further extensions would be granted.

Joan Speirs filed her third motion to extend on December 30, 2019. Though she seeks a third extension of time to comply with PTO 205, she attached to the motion documentation which she contends demonstrates that she is the proper personal representative of her husband's estate under New York law. The defendants oppose the motion for a third extension.

Under New York law, only a person appointed as the personal representative of an estate has standing to bring claims on behalf of the estate. See supra n. 2. The Surrogate's Court Procedure Act (the "SCPA") governs how someone may be appointed the personal representative of an estate in New York. See N.Y. Surr. Ct. Proc. Act §§ 101-2805, et seq.

Under the SCPA, a person who is named the executor of an estate may promptly be appointed the temporary personal representative of that estate. See SCPA at § 1412.1. To do so the named executor must submit a written request for preliminary letters testamentary and a preliminary probate petition to the Surrogate's Court of New York. Id. That court may then issue the preliminary letters testamentary which confer the named

-3-

executor with immediate administration over the estate. In re Bayley's Will, 339 N.Y.S.2d 129, 133-34 (N.Y. Sur. 1972). Notably, the named executor is not required to serve other interested parties[3] for preliminary letters testamentary to issue. SCPA at § 1412.3(a).

Counsel for Joan Speirs made several representations to this court in their extension requests. In the September 26, 2019 extension request, counsel for Joan Speirs represented she had sought letters of administration from the Suffolk County Surrogate's Court on June 3, 2019 but that that court rejected the submission. Counsel does not provide a reason for the rejection. In the November 8, 2019 extension request, counsel represented they would submit a request for preliminary letters of administration to "expedite this process."

Counsel attaches to the December 30, 2019 extension motion a request for preliminary letters testamentary dated November 9, 2019. Counsel does not share with the court whether preliminary letters testamentary were ever requested prior thereto. Counsel further represents in the December 30, 2019 extension motion that the Surrogate's Court granted preliminary letters testamentary but that the letters had not been issued as

---

3. To probate a will, the Surrogate's Court normally must obtain jurisdiction over all parties interested in the will, including distributees, beneficiaries, the state tax commissioner, and any trustees and guardians. SCPA at § 1403.

-4-

of that date because a filing fee had not been paid. Counsel attaches proof that fees were paid as of December 20, 2019 but fails to state that the letters have been issued in a January 21, 2020 reply in support of the third extension.

This action was commenced well over a year ago in the name of August Speirs who at that point had been dead for over a month. A deceased person cannot commence a lawsuit. The Bern firm filed the complaint in this action. The firm was on notice or should have been on notice at the outset that under New York law Joan Spiers needed to be named or substituted as the plaintiff on behalf of her deceased husband's estate.

Joan Speirs has been dilatory in not qualifying as the personal representative of her husband's estate under New York law. The process is not difficult. This delay is prejudicial to the defendants in time and expense. There has also clearly been a history of dilatoriness on the part of counsel, who is representing Joan Speirs. No acceptable excuse has been offered by plaintiff's counsel as to why this case has not moved forward for over a year. Nothing has happened except for the filing of a complaint in the name of a plaintiff already deceased. No sanction other than dismissal would be adequate. See Poulis v. State Farm Fire & Cas. Co., 747 F.2d 863 (3d Cir. 1984).

We find no good cause to grant a third extension. For the reasons stated above, we will deny the third motion of

Joan Speirs to extend the time to comply with PTO 205 and will dismiss this action with prejudice.